**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| In re:<br><br>MARK D. THOMPSON and HEATHER A. THOMPSON,<br><br>Debtors, |
| CAROLYN A. BANKOWSKI, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-HE1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE1,<br><br>Defendant. |

Chapter 13 Case No: 10-21963-WCH

Adversary Proceeding No: 12-01082

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC TRUST 2005-HE1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE1'S MOTION TO DISMISS**

Pursuant to MLBR 9013-1(c), Defendant, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2005-HE1, Mortgage Pass-Through Certificates, Series 2005-HE1 ("Deutsche Bank as Trustee") submits the instant memorandum of law in support of its Motion to Dismiss the Complaint filed by the Plaintiff, Carolyn A. Bankowski, Trustee ("Complaint") and respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice. In support of its Motion, Deutsche Bank as Trustee states:

**INTRODUCTION**

This action arises out of Debtors, Mark D. Thompson's and Heather A. Thompson's execution of a promissory note in the amount of $162,000.00 on August 20, 2004 relating to

34213480 2482

property located at 5 Hermitage Road, Marion, Massachusetts and their grant of a mortgage ("Mortgage") encumbering the property to Option One Mortgage Corporation ("Option One") to secure the debt.  On May 4, 2011, Sand Canyon Corporation formerly known as Option One Mortgage Corporation assigned the Debtors' Mortgage to Deutsche Bank as Trustee.  In the Complaint, the Plaintiff "moves" to avoid the lien, deem Deutsche Bank as Trustee an unsecured creditor, for turnover of funds paid by the Plaintiff and turnover of funds paid by the Debtors.

Plaintiff's Complaint fails to state a claim because the Plaintiff's claims are barred by the doctrines of res judicata and judicial estoppel.

### ALLEGATIONS IN THE COMPLAINT

On August 20, 2004, the Debtors executed a Mortgage in favor of Option One.  *See* Exhibit A attached to Plaintiff's Complaint.  Plaintiff alleges that the notarization contained on the Mortgage does not identify the Debtors as the individuals who appeared before the notary and executed the Mortgage.  *See* Complaint, ¶ 12.  Plaintiff claims that the failure to identify the Debtors in the notarization "is a material defect that should have prevented the Mortgage from being recorded." *Id.*

On October 31, 2010, the Debtors filed their Chapter 13 Bankruptcy petition.  *Id.* at ¶ 8. On November 18, 2010, American Home Mortgage Servicing, Inc. ("AHMSI") filed a Proof of Claim on behalf of Deutsche Bank as Trustee in the amount of $159,910.96.  *Id.* at ¶ 11 and Exhibit A attached to the Complaint.  According to the Proof of Claim, Deutsche Bank as Trustee is a secured creditor.  *Id.*  Neither the Debtors nor the Plaintiff objected to Deutsche Bank as Trustee's Proof of Claim.  *See* Docket for Bankruptcy Petition No: 10-21963, attached as Exhibit 1.

On December 3, 2010, the Debtors filed their Chapter 13 Plan ("Plan").  *See* Chapter 13 Plan, attached as Exhibit 2.  Relevant to this case, the Debtors identified AHMSI as a secured

2

34213480 2482

creditor in relation to the Debtors' Mortgage. *Id*. Debtors identified an arrearage to be paid to AHMSI through the Plan in an amount of $8,650.12. *Id*. Based on the amount owed on all claims, the Debtors proposed a thirty-six month Plan. *Id*. The Plaintiff did not object to the Debtors' Plan. *See* Exhibit 1. On May 23, 2011, this Court entered an Order confirming the Debtors' Plan. *See* Order Confirming Chapter 13 Plan, attached as Exhibit 3. The Plaintiff has not moved to vacate or sought to appeal the Order confirming the Plan. *See* Exhibit 1. Based on the confirmed Plan, the Plaintiff has allegedly paid $3,058.73 and the Debtors have allegedly paid $1,970.00 to Deutsche Bank as Trustee. *See* Complaint, ¶¶ 22 and 25.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) is applicable to motions to dismiss filed in adversary proceedings as part of a bankruptcy petition. Fed. R. Bankr. P. 7012(b); *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003). For purposes of this motion, the court must assume the truth of all well-pleaded facts and indulge all reasonable inferences of the Plaintiff's complaint. *In re Colonial*, 324 F.3d at 15. However, the court is not bound to credit "bald assertions, unsupportable conclusions, and opprobrious epithets woven into the fabric of the complaint." *Id*. To survive a motion to dismiss, the Plaintiff must plead sufficiently specific allegations "to raise a right of relief above the speculative level … on the assumption that all of the allegations in the complaint are true…." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "[a] plaintiff's obligation to provide 'the grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id. citing Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3

34213480 2482

**ARGUMENT**

As a matter of law, Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff's claims are barred by the doctrines of res judicata and judicial estoppel.

**I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.**

The doctrine of res judicata "prevents the relitigation of all claims that a litigant had an opportunity and incentive to fully litigate in an earlier action." *Giragosian v. Ryan*, 547 F.3d 59, 63 (1st Cir. 2008) (quotation omitted).  "Under Massachusetts law, '[t]he operation of res judicata requires the presence of three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Silva v. Commonwealth*, 351 Fed.Appx. 450, 458 (1st Cir. 2009) *quoting Andrew Robinson Int'l Inc. v. Hartford Fire Ins. Co*, 547 F.3d 48, 52 (1st Cir. 2008).

"[C]onfirmation of a Chapter 13 plan customarily is res judicata as to all issues that were or could have been decided during the confirmation process."   *Carvalho v. Federal Nat'l Mortgage Ass'n (In re Carvalho)*, 335 F.3d 45, 49 (1st Cir. 2003); *see also Knowles v. Bayview Loan Servicing, LLC (In re Knowles)*, 442 B.R. 150, 162 (1st Cir. BAP 2011); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987); *In re Szostek*, 886 F.2d 1405, 1408 (3rd Cir. 1989); *Celli v. First Nat'l Bank of Northern New York (In re Layo)*, 460 F.3d 289, 295-96 (2nd Cir. 2006); *In re Wegscheid*, 361 B.R. 144, 147 (Bankr.D.Ariz. 2007).   Additionally, confirmation of a proof of claim prevents subsequent collateral attacks on the validity of the proof of claim. *See Adair v. Sherman*, 230 F.3d 890, 894-895 (7th Cir. 2000).

In ruling that the doctrine of res judicata prohibits a debtor and bankruptcy trustee's complaint seeking to void a lien post confirmation of the debtor's Chapter 13 plan, the Second Circuit Court of Appeals stated:

34213480 2482

> We acknowledge that challenges to the validity of a lien must be brought through an adversary proceeding. Where, at the outset, there is no dispute as to the basis of a lien, however, given the policy embodied in § 1327(a) that confirmation of a plan "binds the debtor and each creditor," it does not follow that a non-objecting creditor has a right to bring an adversary proceeding whenever he gets around to doing so. To allow that practice would fly in the face of Congress' expressed intention that confirmation gives debtors and creditors finality with respect to satisfaction of outstanding debt.

*Celli v. First Nat'l Bank of Northern New York (In re Layo)*, 460 F.3d 289, 294 (2nd Cir. 2006).

Here, all three elements of res judicata are readily met in relation to the Plaintiff's claims that Deutsche Bank as Trustee's lien should be avoided and Deutsche Bank as Trustee should be treated as an unsecured creditor. First, both Deutsche Bank as Trustee and the Plaintiff are parties in this case as well as the Debtors' Chapter 13 case. *See* Exhibits 1. Second, Plaintiff is attempting to re-litigate the validity of Deutsche Bank as Trustee's lien and its status as a secured creditor whereas both the validity of the lien and Deutsche Bank as Trustee's status as a secured creditor were at issue in the Debtors' Chapter 13 case. Third, the Order confirming the Debtors' Plan is a final judgment on the merits in the Debtors' Chapter 13 case. *See* Exhibit 3.

Plaintiff had every opportunity to dispute the validity of Deutsche Bank as Trustee's lien based on an allegedly defective notarization on the Mortgage and did not do so. Deutsche Bank as Trustee filed a Proof of Claim on November 18, 2010 and the Plaintiff did not object. *See* Exhibit 1. On December 3, 2010, the Debtors filed their Plan and the Plaintiff did not object. *See* Exhibits 1 and 2. On May 23, 2011, the Court confirmed the Debtors' Plan. *See* Exhibit 3. Plaintiff has neither moved to vacate nor sought to appeal the confirmation Order. *See* Exhibit 1. Plaintiff cannot now re-litigate the validity of Deutsche Bank as Trustee's lien or its status as a secured creditor. The doctrine of res judicata prohibits the Plaintiff's claims and, therefore, this Court should dismiss Plaintiff's Complaint as a matter of law.

34213480 2482

**II.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL.**

"As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same litigation." *Alternative System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 32-33 (1st Cir. 2004). Three conditions must be established for judicial estoppel to apply: (1) "the estopping position and the estopped position must be directly inconsistent," (2) the Court must have adopted the party's prior position, and (3) the party asserting the inconsistent position must be seeking an unfair advantage. *Id.* at 33. A party is judicially estopped from seeking to invalidate a lien after a debtor's Chapter 13 plan has been confirmed. *See Mbazira v. Litton Loan Servicing, LLP*, 2011 WL 3208033, *5 (D.Mass. 2011).

In *Mbazira v. Litton Loan Servicing, LLP*, this Court upheld the Bankruptcy Court's dismissal of the plaintiff's adversary complaint seeking to void a lien pursuant to an allegedly defective notarization filed post confirmation of the plaintiff's Chapter 13 plan. 2011 WL 3208033 at *5. After filing a voluntary Chapter 13 bankruptcy petition on July 17, 2007, the plaintiff in *Mbazira* filed four Chapter 13 plans all of which identified the mortgage serviced by Litton as secured debt. *Id.* at *1. Litton also filed a proof of claim for the mortgage lien. *Id.* On September 30, 2009, the Court confirmed the plaintiff's plan and allowed Litton's secured claim. *Id.* Based on an agreed order to prevent dismissal of the bankruptcy case based on the failure to make plan payments, the plaintiff submitted a fifth plan, which for the first time identified Litton's mortgage as an unsecured claim. *Id.* The plaintiff also filed an adversary proceeding seeking a declaration of the validity of the Litton mortgage based on her allegations that the notarization on the mortgage was defective. *Id.* The Bankruptcy Court dismissed the plaintiff's

6

34213480 2482

adversary complaint and found that regardless of the decision in *Giroux*,[1] the plaintiff could not "come in after confirmation and all of a sudden change the treatment of a significant claim." *Id.* at *2.

The District Court, in confirming the Bankruptcy Court's dismissal, found that all three elements of judicial estoppel were present. *Id.* at *3. Prior to the adversary complaint, the plaintiff identified Litton as a secured creditor and the Bankruptcy Court accepted this position by confirming the plaintiff's Chapter 13 plan. *Id.* Inconsistent with this position, the plaintiff claimed in the adversary proceeding that the mortgage was invalid and should be treated as an unsecured debt. *Id.* Additionally, by seeking to declare Litton an unsecured creditor, the plaintiff would not have been able to keep the property secured by the mortgage and "the property would have been subject to liquidation in order to pay creditors of the estate." *Id.* On the other hand, Litton would be prejudiced if the mortgage were declared invalid because it would lose the protections provided under the Bankruptcy Code for secured creditors. *Id.* Based on these reasons, the District Court affirmed the Bankruptcy Court's dismissal of the adversary complaint. *Id.* at *5.

Similar to *Mbazira*, all three elements for judicial estoppel are present in this case and, as such, Plaintiff's claims are barred. First, the Plaintiff's position in the Complaint is inconsistent with the Plaintiff's position in the Debtors' Chapter 13 case. In the Complaint, the Plaintiff seeks a declaration that Deutsche Bank as Trustee is an unsecured creditor. In contradiction of the Plaintiff's Complaint, the Plaintiff previously took the position in Debtors' Chapter 13 case that Deutsche Bank as Trustee was a secured creditor by failing to object to either Deutsche Bank as Trustee's proof of claim or the Debtors' Plan. Second, by confirming the Plan this

---

[1] Plaintiff cites *In re Giroux*, 2009 WL 1458173 (Bankr.D.Mass. 2009) in support of her allegations that the notarization on the Mortgage is defective and thus the Mortgage should be declared void.

34213480 2482

Court accepted the Plaintiff's previous position in the Debtors' Chapter 13 case that Deutsche

Bank as Trustee is a secured creditor.  Third, the Plaintiff gains an advantage if the Mortgage is

invalidated by being able to liquidate the property secured by the Mortgage to pay the Debtors'

creditors.  On the other hand, if the Mortgage is declared void, Deutsche Bank as Trustee will

lose protections as a secured creditor.  Because all three elements of judicial estoppel are

established in this case, Plaintiff's claims are barred.  As a matter of law, this Court should

dismiss Plaintiff's Complaint.

### CONCLUSION

WHEREFORE, the Defendant, Deutsche Bank National Trust Company, as Trustee for

Morgan Stanley ABS Capital I Inc. Trust 2005-HE1, Mortgage Pass-Through Certificates, Series

2005-HE1, respectfully requests that this Honorable Court dismiss Plaintiff, Carolyn A.

Bankowski, Trustee's Complaint, with prejudice.


Respectfully submitted,

The Defendant,
**Defendant, Deutsche Bank National Trust
Company, as Trustee for Morgan Stanley ABS
Capital I Inc. Trust 2005-HE1, Mortgage Pass-
Through Certificates, Series 2005-HE1,**
By its attorneys,


*/s/ Jennifer S. Bunce*
Maura K. McKelvey, BBO# 600760
Justin M. Fabella, BBO # 654859
Jennifer S. Bunce, BBO#663348
HINSHAW & CULBERTSON, LLP
28 State Street, 24th Floor
Boston, MA  02109
Tel: (617) 213-7000 / Fax: (617) 213-7001

34213480 2482

## CERTIFICATE OF SERVICE

I, Jennifer S. Bunce, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 21, 2012.

*/s/ Jennifer S. Bunce*
Jennifer S. Bunce

9

34213480 2482